UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-5913 CAS (JEMx) | Date | November 16, 2010 |
|---|---|---|---|
| Title | JACINTO GUTIERREZ V. CHEVY CHASE BANK, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers): ORDER DISCHARGING ORDER TO SHOW CAUSE AND DISMISSING FOR LACK OF SUBJECT MATTER JURISDICTION

On August 9, 2010, plaintiff Jacinto Guitierrez filed the instant action against defendant Chevy Chase Bank, F.S.B. ("Chevy Chase") in the United States District Court for the Central District of California. In the complaint, plaintiff alleges a claim for fraud and attempted foreclosure on a false contract. Although plaintiff asserts federal question jurisdiction, the complaint is devoid of any claim arising under federal law. On September 8, 2010, this Court ordered plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Response to the order to show cause was required no later than September 22, 2010. Plaintiff has not responded to the order to show cause.

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. V. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 10-5913 CAS (JEMx) | Date | November 16, 2010 |
|---|---|---|---|
| Title | JACINTO GUTIERREZ V. CHEVY CHASE BANK, ET AL. | | |

The Court has found it lacks jurisdiction under 28 U.S.C. § 1331. Furthermore, there does not appear to be any alternative basis for this Court to exercise jurisdiction over this action. Without a showing that plaintiff invoked a federal claim or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, this Court cannot exercise jurisdiction over this action pursuant to 28 U.S.C. § 1331. Accordingly, the Court DISMISSES the instant action with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |